```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


PAUL STOWELL,

        Plaintiff,

                                     Civil Action 2:14-cv-2021
   vs.                               Judge Frost
                                     Magistrate Judge King

TWIN VALLEY BEHAVIORAL
HEALTHCARE, et al.,

        Defendants.
```

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, currently detained at Twin Valley Behavioral Healthcare, seeks to bring this action without prepayment of fees or costs.  This matter is before the Court on plaintiff's application for leave to proceed *in forma pauperis*, ECF 1, and for the initial screen of the action required by 28 U.S.C. §§ 1915(e).

Plaintiff's motion for leave to proceed *in forma pauperis*, ECF 1, is **GRANTED.** All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, having performed the initial screen of the action, the Court **RECOMMENDS** that the action be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

The *Complaint*, ECF 1-1, names as defendants Twin Valley Behavioral Healthcare, Natalie Dotson, Allison Faulkerson, and Angela Reynolds.  The *Complaint* alleges that "Amanda Nethers assaulted

[plaintiff] by slapping [plaintiff] in the face.  In less than 2 months she has assaulted 9 people including 3 staff members." *Id*. at p. 5.  Plaintiff seeks "pain [and] suffering damages" and he wants "the court to penalize the institution for its failure to keep us (the patients) safe." *Id*. at p. 6.

Although the *Complaint* does not indicate what particular cause of action plaintiff is pursuing, the Civil Cover Sheet attached to the *Complaint*, ECF 1-2, indicates that plaintiff is invoking federal question jurisdiction for "assault by inmate."  The *Complaint*, however, fails to state a claim for relief under 42 U.S.C. § 1983.

A *prima facie* case under § 1983 requires evidence of (1) conduct by an individual acting under color of state law that (2) causes (3) the deprivation of a right secured by the Constitution or laws of the United States.  *Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1202 (6th Cir. 1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  Liability based on a theory of *respondeat superior* is not cognizable under § 1983.  *See Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005); *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).  In order to be held liable under § 1983, a supervisor must have either "encouraged the specific incident of misconduct or in some other way directly participated in it." *Turner*, 412 F.3d at 643.

"To raise a cognizable constitutional claim for deliberate indifference to an inmate's safety, an inmate must make a two-part showing: (1) the alleged mistreatment was objectively serious; and (2)

2

the defendant subjectively ignored the risk to the inmate's safety." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). *See also Leary v. Livingston Cnty.*, 528 F.3d 438, 442 (6th Cir. 2008) (citing *Farmer*, 511 U.S. at 834). The *Complaint* contains no factual allegations against the named individual defendants, let alone allege that these defendants ignored an objectively serious risk to plaintiff's safety. Although plaintiff alleges that another inmate has assaulted nine people in two months, there is no indication that any of the named defendants was aware of the alleged previous assaults. The *Complaint* also fails to specify the positions occupied by the named individual defendants; indeed, the *Complaint* does not even allege that these defendants are government actors.

Plaintiff has also failed to state a claim against Twin Valley Behavioral Healthcare. Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a governmental entity cannot be held liable under § 1983 on a *respondeat superior* theory simply because its employees engaged in unconstitutional conduct. *Id.* at 691. Rather, a plaintiff seeking to prevail in a § 1983 suit against a governmental entity must first prove that a constitutional violation actually occurred, and then prove that a policy or custom of the governmental entity was the "moving force" behind the alleged constitutional violation. *Id.* at 694. The *Complaint* in this action does not contain any factual allegations against Twin Valley Behavioral Healthcare, and plaintiff does not allege the existence of any governmental policy or custom.

3

Moreover, Twin Valley Behavioral Healthcare, a state agency, is immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution.  *See Alkire v. Irving*, 330 F.3d 802 (6th Cir. 2013); *Beil v. Lake Erie Corr. Records Dept.*, 282 F. App'x 363 (6th Cir. 2008).  *See also Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) (Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities").  Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. § 1983.  *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989).

Similarly, claims for damages asserted against state employees in their official capacities cannot proceed in a federal court because such claims are deemed to be claims against the State.  *Id*. at 71 ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983").

For all these reasons, it is **RECOMMENDED** that this action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

4

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


October 23, 2014                            *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                            United States Magistrate Judge

5